**Rule 1.7. Entry and Withdrawal of Counsel**

(a) **Appearance**. Any counsel appearing before the court or the Register shall enter a written appearance by any one of the following means:

(1) filing an entry of appearance with the clerk or the Register;

(2) signing a legal paper that is filed with the clerk or the Register; or

(3) as prescribed by local rule, which may include submitting an appearance slip to the court, entering counsel's information when a legal paper is filed, or signing a cover sheet.

(b) **Withdrawal**. Counsel who has entered an appearance before the court as provided in subparagraph (a) shall not be permitted to withdraw without filing a petition to withdraw and obtaining the court's leave, unless co-counsel, if any, will continue representing the party or there is a simultaneous entry of appearance by other counsel that will not delay the litigation.

**Note:** Rule 1.7 has no counterpart in former Orphans' Court Rules, but is based upon many local rules of similar import.

**Explanatory Comment:** Admission *pro hac vice* in accordance with Pennsylvania Bar Admission Rule 301 shall proceed by request, the disposition and content of which shall conform to the requirements of Pennsylvania Rule of Civil Procedure No. 1012.1.

**This rule does not address the procedure for withdrawal of counsel who has entered an appearance before the Register. Withdrawal of counsel before the Register shall be in accordance with local rule or at the discretion of the Register.**

**Rule 1.8.  Forms**

(a)  The forms approved by the Supreme Court for statewide practice and procedure before the Registers and courts shall be used exclusively **and accepted for filing** by all Registers and clerks**; provided, however, versions of a Supreme Court-approved form shall be acceptable for filing if identical in content and sequential ordering**.  **[Where a Supreme Court-approved form exists, no other form shall be allowed or required by local rule or practice.]**

(b)  The forms approved by the Supreme Court for statewide practice are set forth in an Appendix to these Rules.  The forms may be revised and supplemented from time to time.  The forms shall also be maintained for public access at the official website of the Administrative Office of Pennsylvania Courts.

(c)  A court may require a legal paper to be accompanied by a cover sheet or checklist.  A court that imposes such requirements must promulgate a local rule, numbered Local Rule 1.8(c), stating the requirements and setting forth the form of the cover sheet or checklist.

**Note:**  Rule 1.8 is substantively similar to former Rule 1.3, but with some modifications.

**Explanatory Comment:  [Rule 1.8 has been modified from former Rule 1.3 by now mandating the exclusive use of statewide forms promulgated by the Supreme Court.  Previously, forms approved or mandated for use pursuant to local rule could be accepted by the local register and clerk so long as the local register and clerk also permitted and accepted forms promulgated by the Supreme Court. Now, if the Supreme Court has promulgated or approved a form for use before the register or clerk, then such form is the only one that may be used by the applicant or petitioner and is the only one that can be accepted by the local register or clerk.]** The **[mandatory]** statewide forms are set forth in the Appendix attached hereto.  The current website for electronic access to the forms is found at www.pacourts.us/forms under the For-the-Public category.  The forms posted on the website are capable of on-line completion.

**In 2019, Rule 1.8 was revised to permit versions of Supreme Court forms to be accepted for filing, provided the replication was identical in content.  This revision was intended to permit forms to differ stylistically as to format if content requirements do not differ.  This revision was not intended to permit the re-ordering of content required by a form.**

**Rule 2.1. Form of Account**

\*\*\*

      (b) As illustrated in the Model Accounts, Accounts shall conform to the following rules:

      (1) The dates of all receipts, disbursements and distributions, the sources of the receipts, and the persons to whom disbursements and distributions are made and the purpose thereof shall be stated. When a number of payments have been received from the same source or disbursed or distributed to the same recipient for the same purpose over a period of time, such receipts, disbursements or distributions need not be itemized, but may be stated in total amounts only, with beginning and ending dates within the period covered.

      (2) Except where otherwise provided by an order of the court in a particular matter, principal and income shall be accounted for separately within the Account.

      (3) Assets held by the accountant on the closing date of the Account shall be separately itemized.

      (4) Every Account shall contain:

      (i) a cover page;

      (ii) a summary page with page references;

      (iii) separate schedules, as needed, which set forth receipts, gains or losses on sales or other dispositions, disbursements, distributions, investments made, changes in holdings, and other schedules as appropriate; and

      (iv) signature **[and verification]** pages signed by all the accountants stating the Account and verified by at least one of the accountants. The verification of a personal representative's Account shall contain a statement that the Grant of Letters and the first complete advertisement thereof occurred more than four months before the filing of the Account, unless the personal representative has been directed by the court to file an Account prior to that time.

\*\*\*

**Rule 2.5. Notice of Account Filing**

(a) No Account shall be confirmed or statement of proposed distribution approved unless the accountant has given written notice of the filing of the Account as provided in subparagraph (d) of this Rule to the following, as applicable:

(1) every unpaid claimant who has given written notice of his or her claim to the accountant or who has performed any action that is the equivalent of giving written notice as provided in 20 Pa.C.S. §§ 3384 or 7755;

(2) any other individual or entity with an asserted claim known to the accountant that is not shown in either the Account or the petition for adjudication/statement of proposed distribution as being either paid in full or to be paid in full;

(3) any other individual or entity known to the accountant to have or claim an interest in the estate or trust as a beneficiary, heir, or next of kin, except for those legatees or claimants whose legacies or claims have been satisfied in full as reflected in the Account or will be satisfied in full as proposed in the petition for adjudication/statement of proposed distribution;**[ and]**

(4) **[F]f**or an Account where a charitable interest is involved, refer to Rule 4.4**[.]; and**

**(5) to each co-fiduciary who does not join in the statement of Account.**

(b) Notice to an individual or entity shall be given in accordance with Rule 4.2; provided, however, that if the individual or entity is represented by counsel who has entered his or her appearance in accordance with Rule 1.7(a), notice shall be given to counsel and the individual or entity.

(c) If the proposed distribution is to an estate **having a charitable interest** or **to a** trust**,** and a charity is a "qualified beneficiary," as defined in 20 Pa.C.S. § 7703, of that **[recipient estate or]** trust, then notice shall be given to the Attorney General on behalf of the charitable beneficiary. If the proposed distribution is to an estate or trust and any one of the accountants stating the Account is a personal representative or a trustee of the recipient estate or trust, then notice shall also be given to the beneficiaries of the estate or trust, to the extent known.

(d) Written notice, as provided in subparagraph (a) of this Rule, shall be mailed at least 20 days prior to the audit in those counties having a separate Orphans' Court Division or 20 days prior to the date by which objections must be filed in all other counties, and the written notice shall state the date of the audit or the date by which objections must be filed, and the time and place of the audit, if one is to be held, to the extent then known. **A party residing outside of the United States shall have 60 days, rather than**

**20 days, within which to file an objection.** If an audit is to be held and the **date,** time**,** and place of the audit is not known at the time the notice is mailed, the notice shall state that the **date,** time**,** and place of the audit will be provided upon request. A copy of the Account, petition for adjudication/statement of proposed distribution, and any legal paper filed therewith shall be sent with the notice, unless the recipient of the notice is a trust beneficiary who is not a "qualified beneficiary" as defined in 20 Pa.C.S. § 7703, or unless the court orders otherwise in a particular matter.

\*\*\*

> **Note:** Although substantially modified, Rule 2.5 is derived from former Rule 6.3.
>
> **Explanatory Comment:** Pursuant to the cross-references to 20 Pa.C.S. §§ 3384 and 7755, notice of the claim given to accountant's counsel of record is notice to the accountant. See 20 Pa.C.S. § 3384(b)(4). If the court is inclined not to agree with accountant's position, interpretation or proposed disbursements and distribution, best practice would be for the court to direct the accountant to notify the interested parties of the court's position and what additional action must be taken by any interested party who objects to the court's position.
>
> **It is permissible for a party to waive the written notice required by this Rule.**

**Rule 2.7. Objections to Accounts or Petitions for Adjudication/Statements of Proposed Distribution**

(a) Objections to an Account and/or a petition for adjudication/statement of proposed distribution shall be filed with the clerk on or before the time and date of the audit in those counties holding an audit, and by a specified date in all other counties, with a copy **[sent by first-class United States mail, postage prepaid, to]** <u>served on</u> the accountant or the accountant's counsel, if represented, and to each interested party and claimant who received the notice pursuant to Rule 2.5, to the extent known**<u>, pursuant to Rule 4.3</u>**.

\*\*\*

**Rule 3.5. Mode of Proceeding on Petition**

\*\*\*

     **Note:** Subparagraphs (a) and (b) of Rule 3.5 are derived from former Rule 3.5. The final sentence of subparagraph (a)(2) is identical to former Rule 3.7(h)(1); it merely has been relocated to this section. Subparagraph**[s]** (c) **[and (d)]** of this Rule **[have]** <u>has</u> no counterpart in former Orphans' Court Rules.

\*\*\*

**Rule 3.7. Time for Filing and Service of Responsive Pleadings**

\*\*\*

      (b) A copy of the responsive pleading shall be **[sent to]** <u>served on</u> the petitioner or his or her counsel, if represented, and all interested parties identified in the petition or counsel representing an interested party if so identified in the petition or in a subsequent pleading**[. A certificate of service, listing the names and addresses of those individuals and entities receiving a copy of the responsive pleading shall be appended to, or filed contemporaneously with, the responsive pleading]** <u>pursuant to Rule 4.3</u>.

\*\*\*

**Rule 4.3. Service of Legal Paper Other than Citations or Notices**

\*\*\*

      **(f) A certificate of service shall be attached to any legal paper filed or served pursuant to this Rule, setting forth the manner of service and listing the names and addresses of those individuals and entities served with the legal paper.**

\*\*\*

**Rule 4.6. Notice of the Date of Entry of an Adjudication or Court Order on the Docket**

(a)  The clerk shall immediately give written notice of the entry of an adjudication or court order in a particular matter to each **interested** party's counsel of record or, if unrepresented, to each **interested** party.  The notice shall include a copy of the adjudication or court order.

(b)  The clerk shall note in the docket the date when notice was given to the **interested** party or to his or her counsel under subparagraph (a) of this Rule.

> **Note:**  Rule 4.6 has no counterpart in former Orphans' Court Rule, but is derived from Pa.R.C.P. No. 236.

**Rule 5.1. Declaratory Judgment**

(a) **Commencement of Action.** An action for declaratory judgment shall be commenced by petition **[and citation] <u>pursuant to Rule 3.5</u>** directed to the interested parties.

\*\*\*

**Note:** Rule 5.1 has no counterpart in former Orphans' Court Rules, but is based upon Philadelphia Local Rule 1.2.P.

<u>**Explanatory Comment:** *See* **Rule 3.5(a) for the necessity of using a citation.**</u>

**Rule 5.3.  Intestate Share to Surviving Spouse from Real Estate**

(a)  **Contents of Petition.**  When no Account is filed and all or part of the spouse's intestate share under 20 Pa.C.S. § 2102 is claimed from real estate, the claim shall be presented by petition, which shall conform to the requirements provided by the Rules in Chapter III, and shall set forth the following:

(1)  facts establishing a *prima facie* right of the spouse to the statutory intestate share;

(2)  a description of the property claimed; and

(3)  if the **[exemption]** <u>share</u> is claimed from real estate and a valuation has not been agreed upon by all interested parties, the nomination of two appraisers for appointment by the court to appraise the same.

\*\*\*

**Rule 5.4.  Revocation, [Vacating] <u>Vacation</u> or Extension of Time for Filing of Surviving Spouse's Election**

(a)  **Contents of Petition.**  In addition to the requirements provided by the Rules in Chapter III, a petition to revoke or vacate an election of a surviving spouse to take against the will and other conveyances of the decedent shall set forth the following:

(1)  the date of the decedent's death, whether a will has been probated and, if so, a reference to the place and date of probate;

(2)  the name and capacity of the fiduciary of the decedent's estate, if any, and a reference to the record of his appointment;

(3)  the name, address and relationship, if known, of the other interested parties and the nature and the extent of each of their interests;

(4)  the names of the interested parties who have consented to the revocation or **[vacating] <u>vacation</u>** of the election and the names of those who have not consented;

(5)  a description and valuation of the decedent's real and personal property affected by the election;

(6)  the date and manner of executing the election desired to be revoked or vacated and whether the same has been recorded, registered or filed, and if so, the date and place thereof;

(7)  whether the surviving spouse has made or executed and delivered at any place an election contrary to that desired to be revoked or vacated, and whether that election has been recorded, registered or filed, and if so, the date and place thereof;

(8)  the facts relied upon to justify the revocation or **[vacating] <u>vacation</u>** of the election; and

(9)  a request for a citation upon the interested parties who have not joined in the petition or who have not consented thereto to show cause why the election should not be revoked or vacated.

\*\*\*

**Rule 7.1.  Depositions, Discovery, Production of Documents, [and] Perpetuation of Testimony, and Subpoenas to Attend and Testify**

The court, by local rule or order in a particular matter, may prescribe the practice relating to depositions, discovery, production of documents, [and] perpetuation of testimony, and subpoenas to attend and testify.  To the extent not provided for by local rule or an order governing a particular matter, the practice relating to depositions, discovery, production of documents, [and] perpetuation of testimony, and subpoenas to attend and testify shall conform to the practice in the Trial or Civil Division of the local Court of Common Pleas.

**Note:**  Rule 7.1 is [identical to] derived from former Rule 3.6.

14

**Rule 10.1. Forms**

The forms approved by the Supreme Court for statewide practice before the Register as set forth in the Appendix shall be used **exclusively and accepted for filing by all Registers; provided, however, versions of a Supreme Court-approved form shall be acceptable for filing if identical in content and sequential ordering**. **[No other forms shall be allowed or required by local rule or practice in such instances.]**

**Note:** Rule 10.1 is new, but is derived from former Rule 10.1.

**Explanatory Comment: [Rule 10.1 has been modified from former Rule 10.1 by now mandating the exclusive use of statewide forms promulgated by the Supreme Court.]** **In 2019, Rule 10.1 was revised to permit versions of Supreme Court forms to be accepted for filing provided the replication was identical in content. This revision was intended to permit forms to differ stylistically as to format if content requirements do not differ. This revision was not intended to permit the re-ordering of content required by a form.** *See* Rule 1.8.

**Rule 10.5. Notice to Beneficiaries and Intestate Heirs**

(a) Within three (3) months after the grant of letters, the personal representative to whom original letters have been granted or the personal representative's counsel shall send a written notice of estate administration in the form approved by the Supreme Court to:

(1) every person, corporation, association, entity or other party named in decedent's will as a**[n outright]** beneficiary**,** whether individually or as a class member;

\*\*\*

(8) the **[trustee] <u>fiduciary</u>** of any **<u>estate or</u>** trust which is a beneficiary **<u>or, if the personal representative is a fiduciary of such estate or trust, then the beneficiaries of such estate or trust</u>**; and

\*\*\*